Jerry Don ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–06–00139–CR.

Court of Appeals of Texas, Texarkana.

Submitted May 17, 2007.

Decided Aug. 2, 2007.

---

777

Lisa Shoalmire, Ross & Shoalmire, LLP, Texarkana, for appellant.

Tina Richardson, Asst. Dist. Atty., Clint Allen, Dist. Atty., Linden, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

A jury rejected Jerry Don Allen's insanity defense and found him guilty of two counts of assault on a public servant.[1] The jury assessed punishment at three years' confinement on each count, and the court sentenced Allen accordingly, the sentences to run concurrently. Allen contends that the evidence was factually insufficient to support the jury's rejection of the insanity defense and that the court erred when it ended Allen's testimony during the punishment phase.

---

1. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Vernon Supp.2006).

In a bizarre series of events, Allen came into a medical clinic, asked for a glass of water, took a lab coat and wandered around for a bit, dropped the coat, then left. Joan Gale, a clinic administrator, followed him outside, asked about the coat, and was told he had left it in the clinic (which he had). She testified she was worried that Allen might have taken some items in the coat pockets, and the police were called. She approached Allen as he was walking away and asked him to stay.

In response, Allen asked Gale if she needed a blessing, informed her that he was the son of David, and struck her on the side of her head hard enough to knock her down. Officer Sherry Gillespie arrived at about that time. Gillespie testified she saw Allen walking down the street, flailing his arms and yelling. She was told that he had hit a woman, and she asked Allen to stop. He eventually did, and on second request, got on the ground. When Gillespie attempted to handcuff Allen, he kissed her hand and then began to struggle against her. He got loose, and as he did, there was evidence he kicked Gillespie in the forehead.[2] Gillespie then sprayed Allen with pepper spray, and shortly thereafter he was taken into custody. Larue Pavia, a pharmacist at the Linden Pharmacy, testified that she saw the altercation and saw Allen walking down the street declaring that he was Jesus Christ and the son of David.[3]

The evidence shows that Allen had a history of schizophrenia dating back to 1984, and had been medicated and for some time been provided services by the State for that disease. At the time of this incident, he had been dropped from Mental Health/Mental Retardation and given samples of his medication (in a much lower dosage). His primary healthcare provider was at the Linden clinic, and he was evidently attempting to see that provider when this incident occurred.

**Insanity**

 Allen first contends that the judgment should be reversed because the jury's failure to find in his favor on the affirmative defense of insanity was against the great weight of the evidence. "It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his or her conduct was wrong." TEX. PENAL CODE ANN. § 8.01 (Vernon 2003); see Mendenhall v. State, 77 S.W.3d 815, 817–18 (Tex.Crim. App.2002). The defendant raising the affirmative defense of insanity bears the burdens of proof and persuasion. Meraz v. State, 785 S.W.2d 146, 150 (Tex.Crim. App.1990).

 In conducting a factual review of an affirmative defense, the proper standard of review is, whether after considering all the evidence relevant to an appellant's affirmative defense of insanity, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. Bigby v. State, 892 S.W.2d 864, 875 (Tex.Crim.App.1994).[4] The issue of insanity at the time of the offense lies in the province of the jury not only with regard to the credibility of the witnesses and the weight of the evidence, but also as to the limits of the defense itself. Graham

---

**2.** The evidence about the kicking was in conflict, but as sufficiency of the evidence is not at bar, any variance is irrelevant.

**3.** The second offense occurred when Allen was confined in jail and assaulted officer Alan Powell.

**4.** The Meraz case adopted the standard that is used in civil law when the jury fails to find affirmatively on an issue on which the appealing party had the burden of proof. 785 S.W.2d 146.

*v. State,* 566 S.W.2d 941, 948 (Tex.Crim. App.1978); *Reyna v. State,* 116 S.W.3d 362, 367 (Tex.App.-El Paso 2003, no pet.).

All of the witnesses either testified to events or conclusions showing that Allen suffered from a severe mental disease or defect—and had for decades.[5]

The question before the jury was whether Allen's mental disease or defect prevented him from knowing his actions were wrong. Allen presented the testimony of Kelly Joslin, a licensed professional counselor, who had evaluated and treated Allen since 2001. She testified that he had been diagnosed with schizophrenia since 1984. Her ultimate conclusion was that Allen suffered from a severe mental disease or defect and did not know that his conduct was wrong on the day of the offense.

The State called Dr. Dunn, a psychiatrist who had evaluated Allen. Dunn reported that, "It is evident that around the time of the offense, he was suffering from paranoid delusional beliefs, as well as some grandiose religious beliefs." Dr. Dunn continued, "He also had difficulty organizing his thinking and was noted to be incoherent on the day of the second offense." Dr. Dunn concluded that, "Despite his psychosis, his knowledge of wrongfulness regarding his actions at the time of the offenses did not seem to be impaired." Dr. Dunn thus concluded that Allen was not insane.

There was evidence which, if believed by the jury, supported its failure to acquit based on the affirmative defense of insanity. Further, there is no conclusive proof to the contrary. The judgment is thus not so against the great weight and preponderance of the evidence as to be manifestly unjust. The contention of error is overruled.

### Restriction of Allen's testimony

■ Allen claims, in his second point of error, that the court erred in "disallowing Appellant from testifying on his own behalf" during the punishment phase of trial. Allen claims this is error under Article I, Section 10 of the Texas Constitution, which states that a defendant "shall have the right of being heard by himself or counsel, or both." *See* TEX. CONST. art. I, § 10.

The contention of error is not precisely accurate: Allen was allowed to testify. The complaint is that his testimony was cut short in an improper fashion. The reason his testimony ended, however, was not due to an arbitrary decision by the trial court, but was because of Allen's own behavior. As he began to testify, Allen answered some questions, but then began to provide additional information not related to the questions asked. However, after several questions which he answered in this extended fashion (and with continued, sustained objections by the State), and after Allen continued to interrupt both counsel and court, and after several very pointed warnings by the trial court, the trial court ended Allen's testimony because he refused to comply with the court's direction that he respond to the questions asked.[6] The trial court also held Allen in contempt for his refusal to comply.[7] The trial court then allowed Allen's attorney to

---

5. The defense expert noted a diagnosis of Schizophrenia, disorganized type. The State's expert, Dr. Mitchell H. Dunn, noted a past diagnosis (going back to the 1980s) of paranoid schizophrenia, but, stating, "Mr. Allen is somewhat difficult to diagnose," diagnosed him as having "Psychotic Disorder, Not Otherwise Specified."

6. The trial court's admonishments to Allen and decision to terminate his testimony occurred outside of the presence of the jury.

7. Allen had several inappropriate outbursts during voir dire as well: (1) interrupting during voir dire examination; and (2) showing hostility toward his attorney and a potential juror to the point that the court excused the

proffer the testimony that Allen would have completed had the examination continued. Allen's attorney then presented the testimony that would have been elicited from Allen; the State stipulated to the testimony presented in the proffer. The jury was brought back into the courtroom, and the trial court instructed the jury that such evidence was admissible and the jury was to "accept it and give it whatever weight or whatever credibility that you determine it should have as your role as fact finders in this case."[8]

There are several cases that assess a defendant's "fundamental right to testify" in his or her behalf. *See Johnson v. State,* 169 S.W.3d 223, 232 (Tex.Crim.App.2005) ("the right to testify is 'fundamental' and personal to the defendant"); *see also Rock v. Arkansas,* 483 U.S. 44, 52–53, and n. 10, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987).[9] However, Allen's case presents a different scenario from those in which a defendant was prevented from testifying. Allen was on the stand and proved himself incapable of conforming his conduct so that the trial

could proceed in an appropriate and orderly fashion.

The trial court has the power and obligation to control the courtroom for the purposes of ascertaining the truth, promoting judicial economy, and protecting witnesses. Rule 611(a) of the Texas Rules of Evidence states:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

TEX.R. EVID. 611(a). In a similar vein, this Court has previously recognized that "the trial judge has the inherent power to control the orderly proceedings in the courtroom, . . . ." *Gonzales v. State,* 2 S.W.3d 600, 607 (Tex.App.-Texarkana 1999, pet. ref'd).[10]

We analyze questions committed to the trial court's exercise of discretion by in-

jurors and admonished Allen to not walk around to the podium during proceedings and to not interrupt the proceedings, and warned Allen that he could be gagged and handcuffed to a chair.

8. The stipulation was: "Mr. Jerry Don Allen was convicted as per the State's evidence here, but this was for a three to four-month period in 1995. There have been no further felony convictions since then. And he would, therefore, ask you, ladies and gentlemen of the jury, to be very lenient with him, understand his mental problem and give him a lenient sentence of two years."

9. Both Allen and the State failed to state in their briefs that no objection was made to the court's action in terminating Allen's testimony. The Texas Court of Criminal Appeals has held "our system may be thought to contain rules of three distinct kinds (1) absolute requirements and prohibitions; (2) rights of litigants which are to be implemented by the system unless expressly waived; and (3)

rights of litigants which are to be implemented upon request." *Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App.1993). Since the parties have not addressed the issue, we will not decide today whether an objection below is required to preserve an alleged error of this nature on appeal. Further, if error was found, we would be required to conduct a harm analysis since the Texas Court of Criminal Appeals has held the deprivation of the right to testify is not a "structural" error and therefore is subject to a harm analysis. *Johnson,* 169 S.W.3d at 239.

10. *See Geders v. United States,* 425 U.S. 80, 86–91, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) (explaining that abuse of discretion standard applies because trial court "must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent in the adversary process"); *see also Illinois v. Allen,* 397 U.S. 337, 342–43, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (upholding removal of defendant from courtroom based on the discretion afforded

quiring whether the trial court acted without reference to guiding rules and principles or, stated otherwise, whether the court acted arbitrarily or unreasonably. *See Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App.1993). If a trial court's discretionary ruling falls "within the zone of reasonable disagreement," we must affirm. *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim.App.2002); *Burks v. State*, 227 S.W.3d 138, 144 (Tex.App.-Houston [1st Dist.], 2006, pet. ref'd) (mem. op.,).

In this instance, the trial court made multiple attempts—over the course of the trial and ultimately reaching their zenith during the punishment stage—to ensure that Allen acted in a nondisruptive fashion and in accordance with the procedural and evidentiary requirements of the forum. Allen ultimately proved that he would not do so, and (after fair warning and after holding him in contempt) the court ended his testimony. Further, a stipulation of Allen's testimony was presented to the jury with an instruction that the jury was to accept the stipulation as testimony and give it the weight the jury believed the testimony deserved. We find that the court's decision was made within its discretionary authority and with reference to guiding rules and principles laid down by the highest court of the land. Error has not been shown.

We affirm the judgment.

trial courts to respond to disruptive defendants in order to maintain "dignity, order, and decorum" that are essential to court proceedings—and specifically holding that citing a defendant for contempt was one option to obtain compliance); *Ramirez v. State*, 76 S.W.3d 121, 130 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd) (upholding, as proper exercise of discretion, trial court's removal of disruptive defendant from courtroom when trial court "lacked reason to believe that [the] misbehavior would cease"); *Burks v. State*, 792 S.W.2d 835, 837–38 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd) (upholding expulsion of "continuously nonresponsive and disruptive" defendant from courtroom as proper exercise of discretion vested in trial court pursuant to United States Supreme Court precedent and thus nonviolative of constitutional rights).