**Affirmed and Opinion Filed December 3, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00134-CR
### No. 05-15-00135-CR

**RAMON MILLER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-10-16131-Q; F-10-34161-Q**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Bridges

Ramon Miller appeals his aggravated robbery with a deadly weapon conviction in cause number 05-15-00134-CR and his burglary of a habitation conviction in cause number 05-15-00135-CR. Appellant entered open pleas of guilty to both charges, and the trial court sentenced him to fifteen years' confinement in each case. In a single issue, appellant argues the trial court "cut off" appellant's explanation about the guns used in the underlying offenses, thereby infringing on his right to testify. We affirm appellant's convictions.

On April 14, 2010, fifteen-year-old J.K. was at home when appellant and Sedric Autrey entered the residence. Appellant wore a ski mask, and Autrey wore a goblin mask. Both men had guns. Autrey took J.K. to a bedroom and demanded that she tell "where the money was" and where her parents kept the valuables. Autrey told J.K. he would kill her if she did not tell him

what he wanted to know. Autrey told appellant to tie up J.K. using some cords connecting a DVD player to a television. Appellant tied up J.K. but loosened the cords when she complained they were too tight. Appellant whispered to J.K. that "he wasn't going to hurt her." Appellant placed J.K. in a bathtub and, at J.K.'s request, brought J.K.'s dog to her in the bathtub. Appellant and Autrey then left.

On April 17, 2010, Autrey and appellant went to a house in Irving where Autrey "broke the window in the doorway to get in." Appellant's job was to be the lookout, and he did not enter the house. Later that same day, police arrested Autrey and appellant after an officer stopped Autrey's vehicle for failing to display a front license plate.

In May 2010, appellant was indicted on charges of aggravated robbery with a deadly weapon and burglary of a habitation. After testifying at Autrey's trial, appellant entered a judicial confession to each offense and, in exchange for his testimony, was "allowed to go open to the Court." At the hearing on punishment, appellant testified he met Autrey "through an occupant at the same complex that [appellant] lived in." The occupant knew appellant's military background, and appellant repaired a twelve-gauge shotgun for him. The occupant introduced appellant to Autrey because "it would be an opportunity for [appellant] to make money." Appellant testified that, at first, Autrey asked appellant what he knew about guns. Appellant did not get any weapons, but "Autrey supplied them all." Appellant testified he "guess[ed] they were stolen" but was not sure. When the trial court asked appellant where his expertise came in "as far as weapons and military," appellant answered, "[f]rom the guns that I repaired for him." The trial court asked if appellant "worked on the guns," and appellant testified, "[n]ot on those specific guns." Appellant testified he worked on guns for Autrey, but "they were through another party. I did not know that they were Autrey's until after the fact." The trial court asked appellant, "So your area of expertise for this group, for this syndicate, was – the benefit to them

of having you was your experience in weapons; is that right?" Appellant replied, "Your Honor, I did not know that it was a syndicate or a group." The trial court stated appellant was "mitigating" and "trying to make it seem like [he was] not that bad person." Appellant stated, "When the guns – the guns that he brought to me, Your Honor," and the trial court responded, "I don't care about that any more. You've had your chance. We're not going to go round and round over simple questions." At the conclusion of the hearing, the trial court accepted appellant's guilty pleas and sentenced him to fifteen years' confinement in each case. These appeals followed.

In a single issue, appellant argues the trial court infringed on his right to testify by saying "I don't care about that anymore" as appellant "was trying to explain that the guns he repaired for Mr. Autrey were not the same guns that were used in the offense."

A defendant has a right to testify at his own trial, and such a right is fundamental and personal to the defendant. *Johnson v. State*, 169 S.W.3d 223, 236 (Tex. Crim. App. 2005) (citing *Rock v. Arkansas*, 483 U.S. 44, 52, (1987)). At the same time, the trial court has the power and obligation to control the courtroom for the purposes of ascertaining the truth, promoting judicial economy, and protecting witnesses. *Allen v. State*, 232 S.W.3d 776, 780 (Tex. App.—Texarkana 2007, no pet.). Rule 611(a) of the rules of evidence states:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

TEX. R. EVID. 611(a). We analyze questions committed to the trial court's exercise of discretion by inquiring whether the trial court acted without reference to guiding rules and principles or, stated otherwise, whether the court acted arbitrarily or unreasonably. *Allen*, 232 S.W.3d at 780-

81. If a trial court's discretionary ruling falls "within the zone of reasonable disagreement," we must affirm. *Id.* at 781.

Here, appellant testified at length and repeatedly testified he repaired guns for Autrey but did not work on "those specific guns." Appellant's complaint is not that the trial court prevented him from testifying but that the trial court "cut him off." However, the record shows appellant had already testified about which guns he repaired. Whether the guns appellant repaired were the same ones used in the underlying offenses was irrelevant to the issue of whether appellant committed the underlying offenses. Appellant did not object that he was prevented from presenting testimony on any subject. Under these circumstances, we conclude the trial court did not abuse its discretion in refusing to "go round and round" on the issue of which guns appellant repaired. *See* TEX. R. EVID. 611(a); *Allen*, 232 S.W.3d at 780-81. We overrule appellant's single issue.

We affirm the trial court's judgments.

Do Not Publish
TEX. R. APP. P. 47.2(b)

/David L. Bridges/

150134F.U05

DAVID L. BRIDGES
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RAMON MILLER, Appellant

No. 05-15-00134-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-10-16131-Q.
Opinion delivered by Justice Bridges.
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 3, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RAMON MILLER, Appellant

No. 05-15-00135-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-10-34161-Q.
Opinion delivered by Justice Bridges.
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 3, 2015.