ANN CRAWFORD McCLURE, Chief Justice
Relator, Sun City Gun Exchange, Inc. d/b/a Kirk's Gun Shop (SCGE), has filed a mandamus petition against the Honorable Sergio H. Enriquez, Judge of the 448th District Court of El Paso County, Texas.
*3 SCGE asks the Court to order Respondent to vacate an order compelling a non-party, Jeremy Bristow, to allow entry onto his real property and personal residence located in El Paso, Texas, for the purpose of photographing, inspecting, and video-recording all firearms and related property located in a firearms storage facility in the basement of Bristow's homestead. The Court granted SCGE's motion to stay the discovery order pending resolution of this original proceeding. We conditionally grant mandamus relief.
FACTUAL SUMMARY
In December 2015, the Real Parties in Interest, Met-Tech, Inc. and Juan Herrera, sued Relator, Sun City Gun Exchange, Inc. d/b/a Kirk's Gun Shop and KentMark Industries for breach of contract, quantum meruit, promissory estoppel, fraud, and vicarious liability.[1] The petition alleges that Jeremy Bristow is Relator's registered agent, president, and director, and Bristow could be served at his residence, 13800 Wildflower, in El Paso, Texas. The mandamus record reflects that Bristow is the former son-in-law of Herrera.
The petition filed by Met-Tech and Herrera alleges the following facts: (1) SCGE borrowed $50,000 from Herrera on December 27, 2006 for the purpose of purchasing inventory for Kirk's Gun Shop; (2) SCGE "took out loans in the approximate amount of $60,000.00 from credit cards paid by Plaintiff Juan Herrera;" (3) SCGE executed a promissory note on September 1, 2009, in the amount of $299,196.40 to Met-Tech Steel Fabrication, Inc.;[2] (3) the note was payable in a single installment due on December 31, 2011, and it was secured by a Security Agreement; (4) the Security Agreement granted to Met-Tech Steel Fabrication a security interest in SCGE's assets;[3] and (5) SCGE failed to repay the Herrera loans and did not make the payment of $299,196.40 on the note. The note and security agreement are included in the mandamus record. Bristow signed the promissory note in his capacity as president of SCGE, and he signed the security agreement on behalf of both SCGE and Met-Tech Steel Fabrication in his capacity as president of those entities. The security agreement showed SCGE's address as 3333-F Yarbrough, El Paso, Texas.
SCGE ceased operating in May or June of 2010 and sold its entire inventory to a gun dealer, but SCGE retained its firearms license. On October 15, 2013, Bristow responded to interrogatories in his divorce proceeding, and stated that he had in his possession twelve firearms which were owned by SCGE with a total value of $53,220. He listed forty-six other weapons which he or other individuals owned. Two years later, Herrera and Met-Tech purchased the account receivables of Met-Tech Steel Fabrication in the United States Bankruptcy Court for the Western District of Texas, El Paso Division. Met-Tech *4 and Herrera filed suit against SCGE on December 23, 2015.
SCGE initially filed a general denial, but later filed an amended answer pleading the affirmative defenses of accord and satisfaction, estoppel, failure of consideration, fraud, laches, payment, release, statute of frauds, statute of limitations, waiver, and bad faith. Its amended answer also asserted the verified denials of lack of capacity, defect of parties, and lack of consideration. On November 10, 2016, Met-Tech and Herrera deposed Bristow. Bristow testified that he has a secure bunker located in the basement of his home which he uses to store firearms, ammunition, and explosives which he personally owns, but none of the assets of SCGE are stored there. Bristow testified at the hearing on the motion to compel entry that the bunker was built in 2006, and he denied ever storing any of SCGE's inventory in the bunker. On January 18, 2016, SCGE surrendered its firearm license to the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Bristow testified at the hearing that this became necessary because Herrera had registered SCGE in his own name. Waco Mountain Trading was incorporated on March 7, 2016 with its principal place of business at 13800 Wildflower, El Paso, Texas, and it acquired a federal firearms license. Waco Mountain Trading's license is limited to manufacturing. Met-Tech and Herrera filed their first amended petition on or about December 7, 2016, dismissing their claims against KentMark Industries, and adding Waco Mountain Trading as a defendant.
In August 2016, Met-Tech and Herrera filed a written request for entry on land as follows:
Plaintiffs request entry upon the premises at 13800 Wild Flower Dr., El Paso, Texas 79938 on a date and time to be agreed upon by the Parties for the inspection, photographing, and/or videotaping by Plaintiffs and Plaintiffs' counsel of the firearms and related items, including but not limited to all types of guns, knives, silencers, class III weapons, ammunition, firearm accessories, magazines, scopes, reloading supplies, and targets, whether such items are operational, in repair or kept as a collection/antique (collectively 'Firearms'), on the premises.
SCGE objected on the grounds that: (1) the premises are owned by a non-party, Jeremy Bristow; (2) SCGE does not own any firearms or related items located on the premises; (3) Met-Tech and Herrera had failed to show good cause for entering onto Bristow's property and the information sought is not relevant to the subject matter of the suit; and (4) Met-Tech and Herrera had not complied with the requirements of Rule 196.7.
Met-Tech and Herrera filed a motion to compel entry onto the property located at 13800 Wild Flower in El Paso for the inspection, photographing, and videotaping of all firearms and related items on the premises.[4] The motion did not restrict entry to only the bunker, but instead sought to inspect the entire property. SCGE objected that the property is the homestead of Jeremy Bristow and it is not owned by SCGE. It further objected that SCGE never *5 operated out of 13800 Wildflower or stored any inventory at that address. SCGE and Bristow offered to produce for inspection, at a neutral location, the guns previously identified by Bristow as belonging to SCGE. Following a hearing, Respondent granted the motion and entered an order compelling entry onto Bristow's property on January 6, 2017 for the inspection and photographing or video-recording of the " 'firearms' storage facility" or "bunker." Relator filed its mandamus petition and motion for emergency relief on December 28, 2016.
COMPELLING ENTRY ONTO LAND
In its sole issue, Relator asserts that Respondent clearly abused his discretion by ordering the entry upon the residence of Jeremy Bristow for the purpose of inspecting, photographing and videotaping all firearms located on the premises without good cause, without establishing the relevance of inspecting, photographing and videotaping the firearms, and without considering the burdens of compelling the entry.
Mandamus Standard
To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. In re Prudential Insurance Company of America , 148 S.W.3d 124, 135 (Tex. 2004). A trial court abuses its discretion when it acts arbitrarily, capriciously, and without reference to guiding principles. In re Green , 527 S.W.3d 277, 278-80, 2016 WL 7031055, at *2 (Tex.App.-El Paso December 2, 2016, orig. proceeding) ; In re Mid-Century Insurance Company of Texas , 426 S.W.3d 169, 178 (Tex.App.-Houston [1st Dist.] 2012, orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. Walker v. Packer , 827 S.W.2d 833, 840 (Tex. 1992). Consequently, an abuse of discretion occurs if a trial court clearly fails to correctly analyze or apply the law. See In re Olshan Foundation Repair Co., LLC , 328 S.W.3d 883, 888 (Tex. 2010) ; Walker , 827 S.W.2d at 840.
This original proceeding involves a discovery order. While, the scope of discovery is generally within the trial court's discretion, a trial court abuses its discretion by ordering discovery that exceeds the scope permitted by the rules of procedure. In re CSX Corporation , 124 S.W.3d 149, 152-53 (Tex. 2003) ; In re Kimberly-Clark Corporation , 228 S.W.3d 480, 487 (Tex.App.-Dallas 2007, orig. proceeding).
Second, the relator must demonstrate that there is no adequate remedy by appeal. In re Prudential Insurance Company of America , 148 S.W.3d at 135-36 ; In re Green , 527 S.W.3d at 278-80, 2016 WL 7031055, at *2. Determining whether a party has an adequate remedy by appeal requires a careful balancing of jurisprudential considerations that implicate both public and private interests. See In re Ford Motor Company , 165 S.W.3d 315, 317 (Tex. 2005). An appeal is inadequate when the parties are in danger of permanently losing substantial rights. In re Van Waters & Rogers, Inc. , 145 S.W.3d 203, 211 (Tex. 2004) ; In re Kimberly-Clark , 228 S.W.3d at 485. This danger arises when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. In re Van Waters , 145 S.W.3d at 211 ; In re Kimberly-Clark , 228 S.W.3d at 485.
Waiver
Met-Tech and Herrera argue that SCGE waived its objection that the firearms and related items are not relevant *6 under Texas Rule of Civil Procedure 197.6. The record does not support this argument. To the contrary, the record shows that SCGE repeatedly argued that the guns and other items are not relevant to the litigation. Met-Tech and Herrera also assert that SCGE agreed that they had a right to inspect SCGE's assets. While SCGE offered to allow counsel for Met-Tech and Herrera to view certain guns at a neutral location, it made this offer in an effort to resolve the discovery dispute and to prevent entry onto Bristow's property. This offer did not operate as a waiver of SCGE's objections to the motion for entry onto Bristow's property.
Entry onto Land Owned by a Non-Party
Rule 205.1 limits what the trial court may order in relation to discovery from a non-party. TEX.R.CIV.P. 205.1. A party may obtain discovery from a non-party only by obtaining a court order under Rules 196.7, 202, or 204, or by serving a subpoena compelling an oral deposition, a deposition on written questions, a request for production of documents or tangible things, or a request for production of documents and tangible things. TEX.R.CIV.P. 205.1 ; In re Guzman , 19 S.W.3d 522, 524 (Tex.App.-Corpus Christi 2000, orig. proceeding). Rule 196.7 governs discovery that involves entering onto the land or property of another party to inspect, measure, survey, photograph, test, or sample the property or any designated object or operation. TEX.R.CIV.P. 196.7 ; see In re Kimberly-Clark , 228 S.W.3d at 486 ; In re SWEPI L.P. , 103 S.W.3d 578, 583 (Tex.App.-San Antonio 2003, orig. proceeding).
Rule 196.7 provides, in relevant part, as follows:
(a) Request or Motion. A party may gain entry on designated land or other property to inspect, measure, survey, photograph, test, or sample the property or any designated object or operation thereon by serving-no later than 30 days before the end of any applicable discovery period-
(1) a request on all parties if the land or property belongs to a party; or
(2) a motion and notice of hearing on all parties and the nonparty if the land or property belongs to a nonparty....
(b) Time, Place, and Other Conditions. The request for entry upon a party's property, or the order for entry upon a nonparty's property, must state the time, place, manner, conditions, and scope of the inspection, and must specifically describe any desired means, manner, and procedure for testing or sampling, and the person or persons by whom the inspection, testing, or sampling is to be made.
(c) Response to Request for Entry.
(1) Time to Respond. The responding party must serve a written response on the requesting party within 30 days after service of the request, except that a defendant served with a request before the defendant's answer is due need not respond until 50 days after service of the request.
(2) Content of Response. The responding party must state objections and assert privileges as required by these rules, and state, as appropriate, that:
(A) entry or other requested action will be permitted as requested;
(B) entry or other requested action will take place at a specified time and place, if the responding party is objecting to the time and place of production; or
(C) entry or other requested action cannot be permitted for reasons stated in the response.
*7 (d) Requirements for Order for Entry on Nonparty's Property. An order for entry on a nonparty's property may issue only for good cause shown and only if the land, property, or object thereon as to which discovery is sought is relevant to the subject matter of the action.
TEX.R.CIV.P. 196.7(a)-(d) [Emphasis added].
Met-Tech and Herrera argue that Rule 196.7 is inapplicable because they are exercising a remedy under the security agreement which permits them to inspect the collateral. The security agreement grants to Met-Tech Steel Fabrication a security interest in all equipment listed on Schedule 1; and all proceeds and products of the equipment listed on Schedule 1. Schedule 1 is, however, blank. Thus, Met-Tech and Herrera have failed to show that they have a security interest in the assets of SCGE, including the twelve firearms Bristow identified in his interrogatory response in the divorce proceeding. To the extent the trial court granted the order for entry onto Bristow's land based on provisions in the security agreement allowing the secured party to inspect the collateral, it abused its discretion.
Met-Tech and Herrera also contend that they are seeking to inspect the property, namely, firearms and related items, owned by a party, SCGE. While it is possible that guns or other items of personal property located on the premises may be owned by SCGE, the homestead and bunker on which Herrera and Met-Tech seek to intrude are owned by a non-party, Bristow. Consequently, Met-Tech and Herrera must satisfy the requirements of Rule 196.7 applicable to entry on the land of a non-party.
To prevail on their motion for entry onto Bristow's land and bunker, Met-Tech and Herrera were required to show that their inspection of all firearms and related items contained within Bristow's bunker is relevant to the subject matter of the suit. See In re Goodyear Tire & Rubber Company , 437 S.W.3d 923, 928 (Tex.App.-Dallas 2014, orig. proceeding) ; In re Kimberly-Clark , 228 S.W.3d at 487. Because discovery involving entry onto the property of another involves unique burdens and risks, the trial court is required to conduct a greater inquiry into the necessity for the inspection, testing, or sampling. In re Goodyear , 437 S.W.3d at 928 ; In re Kimberly-Clark , 228 S.W.3d at 487. In conducting this inquiry, the trial court must balance the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection. In re Goodyear , 437 S.W.3d at 928 ; In re Kimberly-Clark , 228 S.W.3d at 486.
Even if the security agreement is interpreted as providing Met-Tech and Herrera with such a security interest, they failed to establish good cause to inspect, photograph, or video-record all of the firearms located in Bristow's bunker. Generally, good cause for a discovery order is shown where the movant establishes: (1) the discovery sought is relevant and material, that is, the information will in some way aid the movant in preparation or defense of the case; and (2) the substantial equivalent of the material cannot be obtained through other means. In re SWEPI L.P. , 103 S.W.3d at 584. Met-Tech and Herrera did not attempt to show that the information will aid them in preparation of their case. Instead, they asserted that they have a right under the security agreement to inspect the collateral, but the security agreement does not authorize them to go onto the land of a non-party in order to complete the inspection. Other than the twelve firearms identified by Bristow in his interrogatory response in 2013, Met-Tech and Herrera have nothing more than a mere suspicion that firearms or related *8 items owned by SCGE may be in Bristow's bunker. This does not satisfy the good cause requirement.
The mandamus record also reflects that the trial court failed to consider the burdens on Bristow caused by the order. The order permitted Met-Tech and Herrera to not only intrude onto his land and homestead, but to create a photographic and video-recording of Bristow's bunker, and his firearms and related items, many of which appear to be valuable and collectible. Bristow expressed concern about the security of his home given that his home has been burglarized twice since the divorce.[5]
Met-Tech and Herrera failed to establish they could not obtain the information sought through less intrusive means. Rule 192.4 provides that the scope of discovery should be limited by the court if it determines the discovery sought is obtainable from: (1) a more convenient, less burdensome, or less expensive source; or (2) the burden of the proposed discovery outweighs its likely benefits. TEX.R.CIV.P. 192.4 ; In re Kimberly-Clark , 228 S.W.3d at 487. Bristow offered to produce the firearms which he identified in his interrogatory response, but Met-Tech and Herrera rejected this offer. The trial court abused its discretion by ordering a non-party to allow Met-Tech and Herrera to enter onto his property and submit to a search of his bunker when they failed to establish relevance or good cause for the inspection.
Adequate Remedy by Appeal
Met-Tech and Herrera argue that SCGE has an adequate remedy by appeal. Texas courts have held that appeal is an inadequate remedy when a trial court erroneously granted an order permitting the entry upon land under Rule 196.7. See In re Goodyear , 437 S.W.3d at 929-30 ; In re Kimberly-Clark , 228 S.W.3d at 489-90. Met-Tech and Herrera have no right to roam through Bristow's property, photograph every item contained within Bristow's bunker, and record the serial numbers of firearms which belong to Bristow or other persons. Once this information is recorded and in the possession of person's outside of Bristow's control, Bristow and any other owners whose property is stored in the bunker is in danger of permanently losing substantial rights and an appellate court cannot correct the trial court's error. SCGE has established that it is entitled to mandamus relief.
Accordingly, we sustain the sole issue presented and conditionally grant mandamus relief. Respondent is directed to set aside the discovery order which compels Jeremy Bristow to allow entry onto his real property. The writ of mandamus will issue only in the event Respondent does not set aside the discovery order. The stay order issued on January 4, 2017 remains in effect until Respondent has set aside the discovery order in accordance with this opinion.

The real parties in interest later filed a first amended petition dropping the claims against KentMark Industries and adding Waco Mountain Trading, Inc. as a defendant. The suit is styled Met-Tech, Inc. and Juan Herrera v. Sun City Gun Exchange, Inc. d/b/a Kirk's Gun Shop and Waco Mountain Trading, Inc. (cause number 2015DCV4247).

Bristow signed the security agreement on behalf of both SCGE and Met-Tech Steel Fabrication. At the time SCGE executed the promissory note, the Security Agreement showed its address as 3333-F Yarbrough, El Paso, Texas.

The Security Agreement grants Met-Tech Steel Fabrication a security interest in all equipment listed on Schedule 1, but Schedule 1 is blank.

Met-Tech and Herrera sought an order compelling "entry upon the premises at 13800 Wild Flower Dr., El Paso, Texas 79938 on a date and time to be agreed upon by the Parties for the inspection, photographing, and/or videotaping by Plaintiffs and Plaintiffs' counsel of the firearms and related items, including but not limited to all types of guns, knives, silencers, class III weapons, ammunition, firearm accessories, magazines, scopes, reloading supplies and targets, whether such items are operation, in repair or kept as a collection/antique (collectively 'Firearms') on the premises."

Bristow offered this testimony in a bill after Respondent announced his ruling.