COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE: | § | No. 08-18-00070-CR |
| THE STATE OF TEXAS, | § | AN ORIGINAL PROCEEDIG |
| RELATOR. | § | IN MANDAMIUS |
| | § | |
| | § | |

**O P I N I O N**

The State of Texas has filed a mandamus petition against the Honorable Marcos Lizarraga, Judge of the 168th District Court of El Paso County, Texas, asking that we direct Respondent to vacate an order requiring the State to make photographic copies of digital child pornography images during a criminal trial involving aggravated sexual assault of a child and indecency with a child charges. The petition for writ of mandamus is conditionally granted.

**FACTUAL SUMMARY**

The real party in interest, Angelica Hernandez, is charged by indictment in cause number 20130D02077 with three counts of aggravated assault of a child and one count of indecency with a child. The indictment alleged that Hernandez, acting in concert with Osvaldo Araiza, provided alcohol to her sixteen-year-old biological daughter, B.P., and to another child, and Araiza penetrated B.P.'s sexual organ with his finger and penis, contacted her sexual organ with his mouth, and touched her breast.

This mandamus proceeding arises out of the second trial of Hernandez on these charges. The El Paso Police Department obtained a search warrant for Hernandez's cell phone and the phone was given to Detective Robert Hanner to examine using computer programs. After verifying that the search warrant permitted him to examine Hernandez's cell phone, he retrieved the child pornographic digital images at issue in this case. Hanner explained that cell phones are examined in a controlled and closed environment as a precautionary measure where only the examiner has access to the phone and the phone is not connected to the internet. If images depicting a naked child or child pornography are found on the phone, other law enforcement officers are not allowed access to the images unless they are pertinent to the case. In the event the images are pertinent to the case, the law enforcement officers assigned to the case must view the images in the laboratory and copies are not provided to them. These precautions are taken to prevent the child from being victimized.

Hanner was unsuccessful in his attempts to examine the cell phone because the phone was password-protected. Hanner removed the micro-SD card from the cell phone and initially did not find any images related to the case. He then used specialized computer programs to retrieve ten digital images that had been saved to and subsequently deleted from the micro-SD card. Hanner saved the restored images onto a disk which was marked at trial as State's Exhibit 3.[1]

When the State asked to approach Hanner with State's Exhibit 3, Hernandez's attorneys asked for a bench conference and the following exchanged occurred:

> [Defense counsel]: I believe they're about to try to get in the images right now. Right? I don't think they should be on a disk like this. Right? Because they need to be able to be published to the jury via the Elmo like we had the last time and that way --

.        .        .

---

[1] Hanner testified in the first trial that all ten of the images could be viewed as smaller "thumbnail" images, but some of the images could not be maximized and viewed as larger individual images.

- 2 -

[Defense counsel]: -- and that way in case they need to be recalled by the jury or referenced in later examinations that way we don't have to bring it up on a computer when the whole worry about attaching this to a computer is that it would be attached to the Internet.

[The prosecutor]: May I respond? Your Honor, I brought the computer where we view the child pornography images that has no Internet connection. I have already prepared it and set it up to the Elmo for us to publish it there and when we are done with the trial, I would leave the [sic] it with the bailiff so that he could provide it to the jury if they want to review images again --

[The trial court]: *But he wants the printed out images for the jury*. [Emphasis added].

Following a break, the parties and the trial court continued to discuss the issue.

[The trial court]: We're back on the record outside the presence of the jury at 8:50. I asked the state to go ahead and print out copies. It is now 25 minutes later and the state wants to make a record, but I expect and I hope that the copies are printed. Go ahead.

[The prosecutor]: Okay. Your Honor, just to clarify on the record. What was happening during this trial of aggravated sexual assault, I was in the process of showing State's Exhibit Number 3 to the witness, Detective Hanner. State's Exhibit Number 3 contains 10 images of child pornography that are relevant to this case. Defense counsel then asked to approach the bench and in approaching the bench, defense counsel stated that they needed to have a copy -- the pictures printed out so that they could refer to during the trial and --

[The trial court]: Okay.

[The prosecutor]: -- have access --

[The trial court]: Okay. Well, I want to clarify that.

[The prosecutor]: -- from what I recall.

[The trial court]: Well, I want to clarify --

[The prosecutor]: Yes, Your Honor.

[The trial court]: -- that they were not saying they had to have it. They were making that as a suggestion. The record will show what it shows. But it was me, not the

defense, who ordered the copies and I didn't clarify that it was in response to defense's request, but it's the way that I want to handle the trial. So continue.

[The prosecutor]: Yes, Your Honor. And in doing so after that request -- or after that suggestion was made by defense counsel, the state did object to the court's telling the state -- requesting the state to print out the images of the child pornography. Section 39.15 of the Code of Criminal Procedure titled discovery of evidence depicting or describing abuse of a minor or sexual conduct by a child or a minor under section C states that a court shall deny any request by a defendant to copy, photo- -- photograph, duplicate or otherwise reproduce any property or material described by subsection A provided that the state makes the property and material reasonably available to the defendant. Under subsection A, Your Honor, the article states that in any manner provided by this article, the court shall allow discovery under article 39.14 of property or material that constitutes child pornography as described by section 43.26. And then also it refers to section 38.071. If I may just refer to that.

.    .    .

[The prosecutor]: 38.071 talks about testimony of a child who is a victim of the offense. This is the part that talks about any type of evidence that depicts a child talking about sexual assault. One of the offenses listed in that section is aggravated sexual assault of a child so it refers to that one. Your Honor, under 39.15 the state is -- we're not able to duplicate the evidence of child pornography. The -- if I may suggest what could happen, the disk itself, State's Exhibit Number 3, is supposed to remain in the state's possession or in the court's possession. If the court would like to take possession of State's Exhibit 3 and would like to print out the pictures, then that is something that the state would be in agreement with. But as far as us printing them out or duplicating them as far as 39.15, under that particular law, we cannot duplicate, Your Honor, these images.

[The trial court]: Okay. Then you can't put this evidence in this trial. Okay? I've followed your argument and the discovery statute doesn't apply to trial. And 38.071 says this article applies only to a hearing or proceeding in which the court determines that a child younger than 13 would be unavailable to testify. So everything you've given to me, you either reduce it to the format that I require or proceed on the case. It's not coming in. Are you ready?

[The prosecutor]: No, Your Honor. We actually need a moment to do that.

The State asked the trial court to sign an order that he was requiring the State to print out the images, but the trial court refused. The State also asked the trial court to reconsider the ruling because the only means of viewing the restored digital images was on a computer and the images could not be printed. The trial court summarily dismissed this concern and stated that the digital

- 4 -

images could be reproduced by taking a photograph of each digital image and printing it. The State also argued that reproducing the images might violate Section 43.26 of the Texas Penal Code. The trial court recalled that the digital images were viewed in court on the screen during the first trial, but the court was requiring in this trial that they "come off the CD." Without any objection from the defense to the admission of State's Exhibit 3, the trial court ruled that the exhibit and its contents were not relevant because they were not in the format required by the court.[2] Further, the trial court prohibited the State from eliciting testimony from Detective Hanner about his observations of the digital images.

The State filed an emergency motion requesting a stay of the trial while it prepared the mandamus petition. While the motion was pending, the trial court voluntarily continued the case for ten days. The Court granted the State's motion and stayed the case pending resolution of the original proceeding. The State filed its petition and Hernandez has filed her response. In addition to her response, Hernandez filed a motion to lift the stay.

**REPRODUCTION OF CHILD PORNOGRAPHY DURING TRIAL**

In its sole issue, the State contends that it is entitled to mandamus relief because the trial court's order requiring it to reproduce child pornography images violates Articles 38.45 and 39.15(c) of the Code of Criminal Procedure. Further, the State argues that the trial court is requiring it to perform an impossible act because the individual images cannot be printed.

*Standard of Review*

To be entitled to mandamus relief, the relator must make two showings: (1) that he has no adequate remedy at law; and (2) that what he seeks to compel is a ministerial act. *In re State ex*

---

[2] Evidence is not rendered irrelevant because it is not in the format required by a trial court. Under Texas Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. TEX.R.EVID. 401.

*rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013); *see In re State of Texas*, 162 S.W.3d 672, 675 (Tex.App.--El Paso 2005, orig. proceeding). The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought. *Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id., quoting Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011).

### *No Remedy by Appeal*

The State has only a limited right of appeal. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01 (West 2018). Its right to appeal does not include the type of order entered by the court during the trial of this case. Therefore, mandamus relief is appropriate if the State establishes it has a clear right to the relief sought.

### *Clear Right to Relief Sought*

#### 1. The Statutes

Resolution of the issue presented requires us to consider the interplay of several statutes. In 2009, the Legislature amended Article 39.14 of the Code of Criminal Procedure and added Articles 39.15 and 38.45. Act 2009, 81st Leg., R.S., Ch. 276, §§ 1-3, 2009 TEX.GEN.LAWS 732-33. The stated purpose of these legislative changes was to remove the ability of defendants charged with possession or promotion of child pornography to retain copies of the evidence against them, including child pornography. Texas Bill Analysis, 81st Leg., R.S., S.B. 595 (September 17, 2009).

The 2009 amendment to Article 39.14 made it subject to the restrictions provided by Article 39.15. *See* TEX.CODE CRIM.PROC.ANN. art. 39.14(a)(West 2018). Article 39.15 of the Code of Criminal Procedure requires that the trial court allow discovery of property or material that

constitutes child pornography, as described by Section 43.26(a)(1) of the Penal Code, but it establishes the procedures which must be followed. TEX.CODE CRIM.PROC.ANN. art. 39.15(a)(1), (c)(West 2018). Under Section 39.15(b), property or material described by subsection (a) must remain in the care, custody, or control of the court or the state as provided by Article 38.45. TEX.CODE CRIM.PROC.ANN. art. 39.15(b).

Subsections (c) and (d) of Article 39.15 provide as follows:

(c) A court shall deny any request by a defendant to copy, photograph, duplicate, or otherwise reproduce any property or material described by Subsection (a), provided that the state makes the property or material reasonably available to the defendant.

(d) For purposes of Subsection (c), property or material is considered to be reasonably available to the defendant if, at a facility under the control of the state, the state provides ample opportunity for the inspection, viewing, and examination of the property or material by the defendant, the defendant's attorney, and any individual the defendant seeks to qualify to provide expert testimony at trial.

TEX.CODE CRIM.PROC.ANN. art. 39.15(c), (d).

Courts have construed Article 39.15 as prohibiting the reproduction of evidence depicting or describing abuse of or sexual conduct by a child or minor. *See In re State of Texas*, No. 08-16-00106-CR, 2017 WL 1511338, at *3 (Tex.App.--El Paso April 26, 2017, orig. proceeding)(not designated for publication); *In re Ligon*, No. 09-14-00262-CR, 2014 WL 2902324, at *1-2 (Tex.App.--Beaumont June 26, 2014, orig. proceeding)(mem. op., not designated for publication); *see also Flores v. State*, No. 04-14-00915-CR, 2015 WL 5730263, at *3 (Tex.App.--San Antonio September 30, 2015, pet. ref'd)(mem. op., not designated for publication); *In re W.E.J.*, 494 S.W.3d 178, 179-80 (Tex.App.--Waco 2015, pet. denied). We adhere to that interpretation of Article 39.15.

Article 38.45 provides that:

(a) During the course of a criminal hearing or proceeding, *the court may not make*

- 7 -

*available or allow to be made available for copying* or dissemination to the public property or material:

(1) that constitutes child pornography, as described by Section 43.26(a)(1), Penal Code;

(2) the promotion or possession of which is prohibited under Section 43.261, Penal Code; or

(3) that is described by Section 2 or 5, Article 38.071, of this code.

(b) The court shall place property or material described by Subsection (a) under seal of the court on conclusion of the criminal hearing or proceeding.

(c) The attorney representing the state shall be provided access to property or material described by Subsection (a). In the manner provided by Article 39.15, the defendant, the defendant's attorney, and any individual the defendant seeks to qualify to provide expert testimony at trial shall be provided access to property or material described by Subsection (a).

(d) A court that places property or material described by Subsection (a) under seal may issue an order lifting the seal on a finding that the order is in the best interest of the public. [Emphasis added].

TEX.CODE CRIM.PROC.ANN. art. 38.45 (West 2018).

By its plain language, Article 38.45(a)(1) prohibits a trial court from allowing property or materials that constitute child pornography to be copied during the course of a criminal proceeding or hearing. This prohibition is aimed at preventing copies of the child pornographic materials from getting into the defendant's possession or being disseminated to members of the public. The enactment of Articles 39.15 and 38.45 reflects the Legislature's determination that reproduction of the prohibited materials creates an unjustifiable risk of dissemination of the materials and continued perpetuation of harm to the victim.

## 2. The Evidence

It is undisputed that the ten images in question constitute child pornography as described by Section 43.261 of the Texas Penal Code. *See* TEX.PENAL CODE ANN. § 43.261 (West 2016).

The trial court did not permit Hanner to testify in this trial regarding his observations of the images, but Hanner testified in the first trial that he found ten images on the micro-SD card, some of which depicted Araiza kissing a female who appeared incoherent, touching the anus and vagina of the female with his finger, and touching the female's breast with his hands. Consequently, the evidence falls within the reach of both Articles 38.45 and 39.15. *See* TEX.CODE CRIM.PROC.ANN. arts. 38.45(a)(1), 39.15(a)(1).

### 3. Article 39.15

Characterizing the trial court's order as a discovery order, the State first argues that the order requiring it to reproduce the ten child pornography images violates Article 39.15(c). Hernandez responds that the order is not a discovery order because she did not request, and the trial court did not order, that Hernandez be provided with copies for her own use during trial. We agree with Hernandez that she did not ask for the copies of the images to be printed or given to her. The trial court initially ordered the State to make the printed copies in response to the complaint raised by Hernandez's counsel about the State's presentation of the digital images. The record shows that when the prosecutor asked to approach Detective Hanner with State's Exhibit 3, Hernandez's counsel asked to approach the bench where he raised a complaint that the prosecutor was not going to display the images on the Elmo as they had done in the first trial. Even though the prosecutor explained that she was going to use the Elmo and the jury would have access to the images during deliberations, the trial court erroneously interpreted defense counsel's statements as a request for the images to be printed out for the jury, stating "But [defense counsel] wants the printed out images for the jury." The trial court later clarified that he had ordered the paper copies of the images for the jury's use and convenience and not because the defense had made any request. We conclude that the trial court's order requiring the State to present its evidence in paper form in

lieu of the digital images is not a discovery order because it did not order the copies turned over or provided to the defense for its use.  Further, the order does not violate Article 39.15(c) because it was not made in response to a request by Hernandez to copy, photograph, duplicate, or otherwise reproduce the evidence.  *See* TEX.CODE CRIM.PROC.ANN. art. 39.15(c).[3]  The record reflects that the trial court entered the order *sua sponte*.

### 4.   *Sua Sponte* Exclusion of Admissible Evidence

Our conclusion that the trial court's order does not violate Article 39.15(c) does not end the inquiry.  The trial court excluded State's Exhibit 3 and Hanner's testimony regarding his own observation of the images for two reasons:  (1) the evidence is irrelevant because it was not in the format required by the trial court; and (2) the State refused to make copies of the child pornography images for admission into evidence.

A photograph is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  *Flores v. State,* 299 S.W.3d 843, 857 (Tex.App.--El Paso 2009, pet. ref'd), *citing* TEX.R.EVID. 401.  Evidence is not rendered irrelevant because it is not in the format required by a trial court.  There is no support in the law for the trial court's conclusion that the evidence could be excluded as irrelevant because it was not being offered in the format required by the court.  Consequently, the trial court clearly abused its discretion by excluding the evidence as irrelevant.

Hernandez contends that the trial court has inherent authority to control the trial and is authorized by Rule 611 to control the presentation of evidence.  In addition to the express grants of judicial power, a court may also exercise inherent and implied powers.  *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979); *State v. Johnson*, 821 S.W.2d 609, 612

---

[3] An entirely different question would be presented if the defense had requested and the trial court had ordered the State to provide the defense with paper copies of the digital evidence for use during trial.

(Tex.Crim.App. 1991); *In re State of Texas*, 162 S.W.3d 672, 677 (Tex.App.--El Paso 2005, orig. proceeding). The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *Eichelberger*, 582 S.W.2d at 398; *In re State of Texas*, 162 S.W.3d at 677. Texas courts have recognized inherent power in the following instances: to change, set aside or otherwise control their judgments; to summon and compel the attendance of witnesses; to regulate the admission and practice of law; and to provide personnel to aid the court in the exercise of its judicial function. *Eichelberger*, 582 S.W.2d at 398-99 n.1; *In re State of Texas*, 162 S.W.3d at 677. The trial court's order is not based on one of these recognized inherent powers, and Hernandez has not cited any authority demonstrating that the order is a valid exercise of the court's inherent power.

Trial courts have broad discretion in managing the course of a trial generally. *Dang v. State*, 154 S.W.3d 616, 619 (Tex.Crim.App. 2005); *In re State ex rel. Skurka*, 512 S.W.3d 444, 452 (Tex.App.--Corpus Christi-Edinburg 2016, orig. proceeding). Under Rule 611, a trial court has authority to exercise "reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." TEX.R.EVID. 611. Thus, "the trial court has the power and obligation to control the courtroom for the purposes of ascertaining the truth, promoting judicial economy, and protecting witnesses." *In re State ex rel. Skurka*, 512 S.W.3d at 452; *Allen v. State*, 232 S.W.3d 776, 780 (Tex.App.--Texarkana 2007, no pet.). Rule 611 does not, however, authorize a court to dictate the form a party's evidence must take unless the order accomplishes one of the goals described in Rule 611. There is nothing in the record to support a conclusion that the trial court's order excluding the

digital evidence and requiring that the State instead present paper copies of the individual images will accomplish any of these purposes. The trial court stated that it entered this order for the purpose of saving time, but the order has had the exact opposite effect, not because the State has objected to the order or challenged the order by means of an original proceeding, but because the copies cannot readily be made and it is possible they cannot be made at all due to corruption of the data files. This case is unusual in that we have a portion of the record from the first trial. A review of the record from the first trial does not show that admission of the evidence in digital form caused any delay.

The record also shows that the trial court excluded State's Exhibit 3 and Hanner's testimony as a punitive measure or sanction against the State for its refusal to make paper copies of the child pornography. As noted by the State, a trial court has discretion to exclude evidence which has been willfully withheld from disclosure under a discovery order. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex.Crim.App. 2006). We have already determined that this case does not involve a discovery order, and there is no evidence that Hernandez has not had reasonable access to the materials or that the State has willfully withheld the evidence from disclosure. We are unaware of any statute, rule, or case law giving the trial court authority to exclude evidence as a sanction under the circumstances presented in this case. For these reasons, we conclude that the trial court clearly abused its discretion by excluding the evidence in digital form and ordering the State to introduce paper copies in lieu of the digital images.

In the event Hernandez requests that paper copies of the images be made for the jury's use following admission of the digital evidence, the trial court should make the copies itself and enter a detailed order sealing the copies and taking steps to ensure that all copies of the child pornography images are not disseminated. This order should include any and all digital or

electronic copies made in the process of creating the paper copies.[4]

Finding that the trial court clearly abused its discretion by excluding the digital evidence and ordering the State to create paper copies of the child pornography images for admission in lieu of the digital images, we sustain Issue One and conditionally grant mandamus relief. It is unnecessary to address the State's arguments that the trial court's order violates Article 38.45 or that it is impossible to comply with the order. Hernandez's motion to lift the stay is denied as moot. Respondent is directed to withdraw the order requiring the State to make copies of the ten digital images for introduction into evidence in lieu of the digital evidence. The writ of mandamus will issue if Respondent fails to comply.

July 18, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Publish)

---

[4] The trial court suggested to the State that it take a photograph of the digital image on the computer screen and then print out that photographic image. This necessarily creates a digital image on the device used to take the digital photograph, and as Detective Hanner testified, simply deleting a file does not permanently erase it. Therefore, the trial court will be required to take steps necessary to ensure that these transitional digital images are sealed and not disseminated.