

# NUMBER 13-19-00100-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE DENNIS W. BERRY, MARVIN G. BERRY, BAY INC., BERRY GP, INC. D/B/A BERRY CONTRACTING AND BERRY CONTRACTING, LP D/B/A BAY LTD

---

## On Petition for Writ of Mandamus.

---

## OPINION

## Before Chief Justice Contreras and Justices Longoria and Perkes
## Opinion by Justice Perkes[1]

Relators Dennis W. Berry, Marvin G. Berry, Bay Inc., Berry GP, Inc. d/b/a Berry Contracting and Berry Contracting, LP d/b/a Bay Ltd, filed a petition for writ of mandamus seeking to compel the trial court[2] to vacate the March 4, 2019 "Order Granting Plaintiffs' Motion for Substituted Service of Allen L. Berry." Through this order, the trial court

---

[1] *See* Tex. R. App. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2018-CCV-60353-3 in the County Court at Law No. 3 of Nueces County, Texas, and the respondent is the Honorable Deeanne Galvan. *See id.* R. 52.2.

allowed service of a subpoena and notice of an oral deposition on a non-party witness by leaving a copy of these documents with someone over the age of sixteen at the witness's alleged residence or by attaching a subpoena to the front door of the witness's alleged residence. Concluding that the Texas Rules of Civil Procedure do not authorize this procedure for discovery from a non-party witness, we conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Real party in interest Kenneth L. Berry filed suit individually and in a derivative capacity for Skyeagle, Inc. (Skyeagle) against relators for, inter alia, breach of fiduciary duty, conspiracy, usurpation of corporate opportunity, and unjust enrichment. The gravamen of the suit concerned the transfer of a railway easement. Kenneth sought injunctive relief, declaratory relief and disgorgement, attorney's fees and costs, and punitive damages. Bay Inc., Berry GP, Inc. d/b/a Berry Contracting and Berry Contracting, LP d/b/a Bay Ltd. (the corporate defendants), filed an answer and a counterclaim, and Dennis and Marvin filed answers. Real party Kenneth and relators Dennis and Marvin are brothers and they each own one-third of the shares of Skyeagle.

During discovery, Kenneth filed "Plaintiffs' Motion for Substituted Service of Allen L. Berry." Allen L. Berry (Lawrence) is the younger brother to Kenneth, Dennis, and Marvin and is not a party to the lawsuit. According to the motion, Kenneth had unsuccessfully attempted to serve a subpoena on Lawrence to appear and testify at a deposition. Kenneth requested that the trial court "allow for substituted service under Texas Rule of Civil Procedure 106(b)." *See* TEX. R. CIV. P. 106 (governing service of citation).

2

According to the motion, on October 9, 2018, counsel for Kenneth sent a letter to counsel for the corporate defendants requesting available dates for Lawrence's deposition. The letter also requested that counsel for the corporate defendants advise Kenneth if Lawrence was "not subject to the control" of any of the companies.

On October 11, 2018, counsel for the corporate defendants responded to this inquiry by letter stating that he was unable to produce Lawrence for deposition but suggesting that Kenneth contact Lawrence's personal attorney. The letter specifically provided that "you can see if you can work something out with [Lawrence's] personal attorney, Butch Boyd, copied herein." This letter included Boyd's contact information.

On October 12, 2018, Kenneth's counsel sent a letter to Boyd, informed him that he wished to take Lawrence's deposition in connection with this lawsuit, and requested Boyd to provide available dates for the deposition.

Boyd did not respond to this request. On or about October 29, 2018, Kenneth served relators' counsel with a notice of oral deposition and subpoena to testify which commanded Lawrence to appear at a specific date and place for deposition. Kenneth enlisted process server Marcus Brown to effect service of the subpoena on Lawrence. Brown made several unsuccessful attempts to personally serve the subpoena on Lawrence and prepared an affidavit detailing his efforts. He testified that he attempted to serve the subpoena on Lawrence at 5418 Willers Way in Houston, Texas on four occasions: (1) on October 30, 2018 at 11:18 a.m.; (2) November 1, 2018 at 11:56 a.m.; (3) November 3, 2018 at 12:08 p.m.; and (4) again on November 3, 2018 at 7:14 p.m. Brown documented that for each attempt, he received no response at the door, no

3

neighbors could or were available to verify Lawrence's address, and he left a delivery notice at the residence.[3]

Kenneth's motion for substituted service alleged that Lawrence's "apparent evasion of service is unsurprising, given his documented hostility toward a process server in another case." The motion recounted that, in a separate case, in which Kenneth and Lawrence were both parties, Lawrence "used a handgun to threaten a process server who was attempting to serve him at his residence." Kenneth included an affidavit from the process server in that case stating that "Houston Police Dept. called, he pulled [a] handgun out and threatened to shoot me if I didn't leave his property. He would not hold the papers so I [d]ropped served [sic] at door of 5418 Willers Way, Houston, Texas 77056 with police escort."

The motion for substituted service asserted that "Lawrence Berry's prior conduct, and Brown's failure to serve Lawrence Berry at his residence after multiple attempts, together demonstrate the difficulty and the danger of personally serving Lawrence Berry." The motion concluded that:

> [B]ecause of the diligent yet unsuccessful efforts to serve Lawrence Berry by traditional means, and the known physical location where he can probably be found is reasonably calculated to provide him with notice, Plaintiff seeks an order from the Court authorizing substituted service as requested below as authorized by TEX. R. CIV. P. 106(b).

Relators filed a "Response to Plaintiffs' Motion for Substituted Service of Allen L. Berry and Request for Oral Hearing." Relators contended that Rule 106 only applies to service of citation at the inception of a lawsuit and provides no authority for serving a

---

[3] As an exhibit to their motion for substituted service, the real parties included a letter from the process serving company which was attached to Brown's affidavit. The letter states that the process serving company "was unable to effect service" and "[b]ased on our attempts, it was non-served for the following reason: Canceldbyclient [sic]."

4

deposition notice or subpoena on a non-party by simply attaching it to the non-party's front door or leaving it at a residence. Relators further argued that Kenneth had not produced evidence that the address at which he attempted to serve Lawrence was, in fact, his residence.

On March 4, 2019, without holding a hearing, the trial court granted Kenneth's motion for substituted service and ordered, in relevant part, as follows:

THEREFORE, pursuant to Texas Rule of Civil Procedure 106(b), Plaintiff is hereby authorized to serve:

1.   This Order;

2.   Subpoena to Allen L. Berry to Appear and Testify at a Deposition;

3.   Notice of Oral Deposition to Allen L. Berry; and

4.   Any other subpoena or notice of deposition issued by Plaintiff in this case by the following means:

(1)   Leaving a copy of the aforementioned documents with someone over the age of 16 at Allen L. Berry's residence;

(2)   Attaching a subpoena to the front door of Allen L. Berry's residence at 5418 Willers Way, Houston, Texas 77056.

Service of process on Allen L. Berry as authorized by this Order shall be deemed complete by complying with the means authorized above.

This original proceeding ensued. Relators raise four issues through which they assert: (1) the trial court misapplied the law, and thereby abused its discretion, by using Rule 106 to support substituted service of subpoenas and deposition notices on a non-party; (2) assuming Rule 106 applies, the trial court abused its discretion because the burden of proof required under Rule 106 for substitute service of citation on a party was not met; (3) the trial court lacks jurisdiction to authorize discovery from a non-party other than that provided by a validly served subpoena under the Texas Rules of Civil Procedure; and (4) relators lack an adequate remedy by appeal.

5

This Court granted temporary relief and stayed the March 4, 2019 order. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We requested and received a response to the petition for writ of mandamus from Kenneth. He asserts, inter alia, that the rules of civil procedure authorize substituted service of a subpoena on a non-party witness and the trial court exercised its broad discretion to control the litigation in this case. Kenneth further asserts that relators have failed to show that they lack an adequate remedy by appeal. Relators further filed a reply to this response.

## II. MANDAMUS STANDARD

To obtain relief by writ of mandamus, a relator must establish that the trial court committed a clear abuse of discretion and that there is no adequate remedy by appeal. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). This is true even when the area of law in question is unsettled. *In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding); *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996).

6

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. Mandamus "may be essential to preserve important substantive and procedural rights from impairment or loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

## III. RULES OF CONSTRUCTION

This case concerns the interpretation and construction of the Texas Rules of Civil Procedure. We interpret our rules of civil procedure using the same principles we apply when construing statutes. *In re City of Dickinson*, No. 17-0020, 2019 WL 638555, at *3, __ S.W.3d __, __ (Tex. Feb. 15, 2019) (orig. proceeding); *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 569 (Tex. 2015) (orig. proceeding); *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding). Our review is de novo, and our primary objective is to give effect to the drafter's intent as expressed in the rule's language. *In re City of Dickinson*, 2019 WL 638555, at *3; *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We look first to the rule's language and construe it according to its plain meaning. *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d at 569; *In re Christus Spohn Hosp. Kleberg*,

7

222 S.W.3d at 437. Because our discovery rules are part of a cohesive whole, we must consider the rules in context rather than as isolated provisions. *In re City of Dickinson*, 2019 WL 638555, at *3; *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We give the rules a liberal construction to obtain "a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." TEX. R. CIV. P. 1; *see In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d at 569.

## IV. DISCOVERY FROM NON-PARTY WITNESSES

In their first issue, relators contend that the trial court abused its discretion in ordering substituted service of a subpoena and a deposition notice on a non-party. In contrast, Kenneth contends that substituted service of the subpoena and notice on Lawrence was authorized by Rule 106 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 106. Kenneth argues that the rules of civil procedure allow for substituted service for subpoenas because some rules expressly mandate personal service of process, but others do not. In support of this argument, Kenneth contends that Rules 10 and 106(a) expressly mandate personal service of process by requiring service "in person" whereas Rule 176.5, governing the service of a subpoena, does not, and instead allows service by "delivering a copy to the witness." *See id.* R. 10 (providing, in relevant part, that notice to a party of an attorney's withdrawal shall be either made to the party "in person" or mailed to the party's last known address"); *id.* R. 106(a) (providing for the service of citation by delivery "in person" or by mail); *id.* R. 176.5 (providing for the service of a subpoena "by delivering a copy to the witness"). Kenneth further argues that the trial court exercised its "inherent and discretionary" powers by liberally construing the rules to allow substituted service of non-party subpoenas after "diligent" efforts at personal service

8

were exhausted. They assert that at least one Texas court has implicitly recognized a trial court's discretion to order substituted service of a non-party subpoena. *See Howell v. Homecraft Land Dev., Inc.*, 749 S.W.2d 103, 112 (Tex. App.—Dallas 1987, writ denied) (per curiam) (finding no error in the trial court's action quashing a party's attempts at substituted service of non-party subpoenas due to the party's failure to show due diligence).

As stated previously, we begin our review with the language of the rules at issue and we construe them according to their plain meaning. *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d at 569; *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437. We begin our review with Rule 176.5, which governs the manner of service for subpoenas. *See* TEX. R. CIV. P. 176.5. This rule states that:

> A subpoena may be served at any place within the State of Texas by any sheriff or constable of the State of Texas, or any person who is not a party and is 18 years of age or older. A subpoena must be served by delivering a copy to the witness and tendering to that person any fees required by law. If the witness is a party and is represented by an attorney of record in the proceeding, the subpoena may be served on the witness's attorney of record.

*Id.* R. 176.5(a). Rule 106, entitled "Method of Service," is located in Section 5 of the Texas Rules of Civil Procedure, which is entitled "Citation." This rule allows for service of citation by delivery, mail, and substituted service. *Id.* R. 106(a),(b). According to the Texas Supreme Court, "Rule 106 by its terms applies solely to service of citation." *Zanchi v. Lane*, 408 S.W.3d 373, 380 (Tex. 2013) (rejecting the argument that a defendant required to serve an expert report must comply with the service-of-citation requirements of Rule 106).

9

In contrast, Texas Rule of Civil Procedure 205 governs discovery from nonparties. *See generally* TEX. R. CIV. P. 205. Rule 205.1, entitled "Forms of Discovery; Subpoena Requirement" expressly provides:

> A party may compel discovery from a non-party—that is, a person who is not a party or subject to a party's control—only by obtaining a court order under Rules 196.7, 202, or 204, or by serving a subpoena compelling:
>
> (a)    an oral deposition;
>
> (b)    a deposition on written questions;
>
> (c)    a request for production of documents or tangible things, pursuant to Rule 199.2(b)(5) or Rule 200.1(b), served with a notice of deposition on oral examination or written questions; and
>
> (d)    a request for production of documents and tangible things under this rule.

*Id.* R. 205.1[4]; *see In re Guzman*, 19 S.W.3d 522, 524 (Tex. App.—Corpus Christi 2000, orig. proceeding). "Rule 205.1 limits what the trial court may order in relation to discovery from a non-party." *In re Sun City Gun Exch., Inc.*, 545 S.W.3d 1, 6 (Tex. App.—El Paso 2017, orig. proceeding); *see* TEX. R. CIV. P. 205.1. According to the explicit terms of the rule, a party may obtain discovery from a non-party "only" by court order or by serving a subpoena. TEX. R. CIV. P. 205.1.

Considering the rules in context, we observe that the Texas Rules of Civil Procedure generally treat nonparties differently from parties or those subject to a party's control as may be seen with respect to, e.g., the locations for deposition, sanctions, and compelling discovery. *See id.* R. 176.3, 199.2, 199.3, 205.1, 215.1, 215.2. Non-party witnesses stand in a different position before the court than do parties to the litigation,

---

[4] Under Rule 205.1, a party may compel discovery from a non-party by obtaining an order under Rules 196.7, 202, or 204. TEX. R. CIV. P. 205.1; *see id.* R. 196.7, 202, 204. Rule 196.7 concerns a request or motion for entry on property; Rule 202 governs depositions before suit or to investigate clams; and Rule 204 concerns physical and mental examinations. None of these rules are at issue in this case.

over whom the court has both personal and subject matter jurisdiction. *See Haas v. George*, 71 S.W.3d 904, 915 (Tex. App.—Texarkana 2002, no pet.); *see also In re Prince*, No. 14-06-00895-CV, 2006 WL 3589484, at *4 (Tex. App.—Houston [14th Dist.] Dec. 12, 2006, orig. proceeding) (mem. op.).

Based on the plain language of the rules at issue and considering them in the overall context of the rules of civil procedure, we reject Kenneth's contention that the rules allow for substituted service of a subpoena on a non-party witness. Kenneth argues that the Dallas Court of Appeals indicated substituted service was appropriate for subpoenaing non-party witnesses in *Howell*. *See* 749 S.W.2d at 112. There, the appellant had filed a motion for new trial based on jury misconduct because two jurors had reviewed a newspaper article pertaining to the underlying case. *Id.* at 111. Appellant sought to serve subpoenas on several employees of the newspaper to compel them to testify at the new trial hearing regarding what they knew about the article, but the trial court quashed the subpoenas. *Id.* at 112. The court stated that:

> The record is very clear, however, that Howell was attempting to accomplish substituted service. The rules require a strict showing of the need for substituted service, and the trial court must order the substituted service. *See* TEX. R. CIV. P. 109a; *In re Marriage of Peace*, 631 S.W.2d 790, 792 (Tex. App.—Amarillo 1982, no writ) (plaintiff must show reasonable diligence in locating whereabouts of defendant, and trial court must make its own inquiry into plaintiff's diligence). Howell made no showing that he had exercised due diligence in serving the people that he wanted served, and never moved the trial court for leave to use substituted service. Therefore, the trial court properly quashed the subpoenas. Howell's third point of error is overruled.

*Id.* The rule cited by the court, Rule 109a, concerns substituted service regarding citation by publication. *See* TEX. R. CIV. P. 109a; *see also id.* R. 109. The Dallas court specifically held that the appellant failed to meet the requirements for substituted service and did not address or rule upon the threshold issue before us in this proceeding regarding the

11

applicability of rules pertaining to substituted service of citation to subpoenas on non-party witnesses. *See Howell*, 749 S.W.2d at 112. We disagree with Kenneth's assertion that *Howell* offers persuasive or compelling precedent regarding the issue before us.

Finally, Kenneth contends that the trial court's order for substituted service was authorized by its inherent and discretionary powers. In addition to the express grants of judicial power, a court may also exercise inherent and implied powers. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979); *In re State of Tex.*, 564 S.W.3d 58, 67 (Tex. App.—El Paso 2018, orig. proceeding). The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *Eichelberger*, 582 S.W.2d at 398; *In re State of Tex.*, 564 S.W.3d at 67. Texas courts have recognized inherent power in the following instances: to change, set aside or otherwise control their judgments; to summon and compel the attendance of witnesses; to regulate the admission and practice of law; and to provide personnel to aid the court in the exercise of its judicial function. *In re State of Tex.*, 564 S.W.3d at 67; *see Eichelberger*, 582 S.W.2d at 398–99 n.1.

In considering a similar issue pertaining to discovery propounded to non-party witnesses, we have previously rejected a similar argument that the trial court's actions were supported by its inherent and discretionary powers. In *Guzman*, we considered whether the trial court had the authority to order a party to create authorizations to obtain medical records in the possession of non-parties. *In re Guzman*, 19 S.W.3d at 525. We concluded that the trial court erred because, while the trial court has "the power and duty to control the discovery process, it can only do so within the confines of the rules of civil procedure." *Id.* Accordingly, we reject the real parties' contention that substituted service

12

of a deposition notice on a non-party witness was authorized by the rules under the facts and circumstances of this case.

We sustain relators' first issue.

## V. Inadequate Remedy by Appeal

Having concluded that the trial court abused its discretion in allowing substituted service, we next address whether relators possess an adequate remedy by appeal to remedy this error. Relators contend that once used, the improperly served deposition notices and subpoenas cannot be "undone," and further court intervention in discovery will be required to remedy the confusion that ensues from the trial court's order. Relators assert that mandamus relief should be issued to avoid the confusion and waste of resources that will ensue if the order stands. In contrast, Kenneth asserts that the order at issue is "not a discovery order" but is rather "an order granting substituted service of a non-party subpoena." He contends, inter alia, that this Court previously held in a separate case that there was an adequate remedy by appeal from an order denying a motion to quash substituted service. *See In re Pronto Gen. Agency, Ltd.*, No. 13-15-00225-CV, 2015 WL 5626246, at *1 (Tex. App.—Corpus Christi Sept. 17, 2015, orig. proceeding) (mem. op. per curiam).

We determine the adequacy of a remedy by appeal by balancing the benefits of mandamus review against the detriments given the specific circumstances of the case. S.W.2d at 843. In this regard, we note that depositions, once taken, cannot be "untaken." *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding); *see In re Reassure Am. Life Ins. Co.*, 421 S.W.3d 165, 171 (Tex. App.—Corpus Christi 2013, orig. proceeding). Further, "mandamus is the proper remedy" for "[a] discovery order that compels production beyond the rules of procedure." *In re Nat'l Lloyds Ins. Co.*, 449

13

S.W.3d 486, 488 (Tex. 2014) (orig. proceeding); *see In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex.1998) (orig. proceeding) (per curiam) (stating that "[a]n order compelling discovery that is well outside the proper bounds is reviewable by mandamus"); *Wal-Mart Stores, Inc. v. Street*, 754 S.W.2d 153, 155 (Tex.1988) (orig. proceeding) (per curiam) (conditionally granting mandamus relief regarding the location of a deposition); *see also In re Bannum, Inc.*, No. 03-09-00512-CV, 2009 WL 8599250, at *1–2 (Tex. App.—Austin Oct. 30, 2009, orig. proceeding) (mem. op) (conditionally granting mandamus relief regarding an order requiring a non-party who did not live or work in Texas to appear in Austin for a deposition); *In re Prince*, 2006 WL 3589484, at *1 (holding, in relevant part, that "the trial court did not have the power to order a non-party witness to appear other than as specified by the Texas Rules of Civil Procedure" and explaining that discovery orders that are contrary to the rules of procedure are "reviewable by mandamus").

Mandamus is proper here because the order is not permitted by the Texas Rules of Civil Procedure and because any discovery undertaken pursuant to the order cannot be undone. Further, Lawrence, as a non-party to the case, would have no right to appeal and therefore no adequate appellate remedy otherwise exists. *See City of Houston v. Chambers*, 899 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding) (because the city was not a party to the lawsuit, it "has no adequate remedy by appeal, [and] mandamus may lie"); *see also In re Prince*, 2006 WL 3589484, at *1. And finally, relators should not incur the additional time and expense required to respond to discovery subpoenas and deposition notices that have not been properly served, and of which the intended recipient may lack notice; particularly where, as here, there is no evidence establishing Lawrence's residence. *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding); *In re Prudential*, 148 S.W.3d at 136. Accordingly,

we conclude that relators lack an adequate remedy by appeal. We sustain relators' fourth issue.

Having sustained relators' first and fourth issues, we need not address their remaining issues. *See* TEX. R. APP. P. 47.4.

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relators have met their burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. We conditionally grant the writ of mandamus and direct the trial court to vacate its order of March 4, 2019, allowing substituted service. Our writ will issue only if the trial court fails to comply.

GREGORY T. PERKES
Justice

Delivered and filed the
16th day of April, 2019.

15